IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

MARY EVELYN AYALA,

              Defendant.

No. 3:16-cr-00495-HZ
(3:21-cv-01355-HZ)

OPINION & ORDER

Natalie Wight
United States Attorney
Sarah Barr
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Mary Evelyn Ayala
83 North Mulberry St.
Potts Camp, MS 38659

    Pro Se Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

On February 7, 2019, Defendant was convicted of theft concerning programs receiving federal funds, engaging in monetary transactions in criminally derived property, and failing to file tax returns all stemming from her personal use of non-profit finances. On June 25, 2019, Defendant was sentenced to thirty-three months in custody and a three-year term of supervised release. Now, Defendant moves to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.[1] The Court denies Defendant's motion.

## BACKGROUND

Defendant was indicted on five counts of theft concerning programs receiving federal funds, 18 U.S.C. § 666(a)(1)(A); two counts of engaging in monetary transactions in criminally derived property, 18 U.S.C. § 1957; six counts of filing a false federal tax return, 26 U.S.C. § 7206(1); and one count of failing to file an individual tax return, 26 U.S.C. § 7203.[2] Defendant was the president and executive director of non-profit Give Us This Day ("GUTD"), which received federal benefits to further its mission of providing services to foster children. Defendant's charges stem from her personal use of these funds. In her role as president, Defendant controlled the finances of GUTD and used her access to GUTD funds to make hundreds of thousands of dollars in personal purchases and to fund business ventures between 2011 and 2015. After an eight-day trial, a jury found Defendant guilty on all counts. Verdict Form, ECF 123.

---

[1] After the Government filed its response to Defendant's petition, Defendant sought counsel. Def. Mot. Counsel, ECF 232. The Court denied her request and provided her additional time to file a reply brief. Order, ECF 233. Defendant, however, opted not to file a reply.
[2] Defendant was also indicted for the concealment of money laundering under 18 U.S.C. § 1956(a)(1)(B)(i), but this count was dismissed before trial. Mins. Proceedings, ECF 108.

Defendant was sentenced to thirty-three months of imprisonment and three years of supervised release. J. & Commitment, ECF 173. She was ordered to pay $293,192.00 in restitution. *Id.* The Court also entered a personal money judgment against Defendant in the amount of $1,025,235.33 and ordered specific asset forfeiture of approximately $450,000. Op. & Order, ECF 168.

Defendant appealed her conviction, arguing that this Court erred in instructing the jury, entering a personal forfeiture money judgment, and in calculating of the amount of restitution and forfeiture judgments. USCA Mem., ECF 217. The Ninth Circuit affirmed. *Id.*

## STANDARDS

Section 2255 permits "[a] prisoner in custody under sentence of a court established by Act of Congress" to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28 U.S.C. § 2255(a). To warrant relief, a defendant must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").

Under § 2255, the defendant is entitled to a hearing in which the court determines the issues and makes findings of fact and conclusions of law, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

3 – OPINION & ORDER

"The standard for granting an evidentiary hearing [under § 2255] entails assuming the truth of [the defendant's] factual allegations." *United States v. Leonti,* 326 F.3d 1111, 1121 (9th Cir. 2003). When faced with conflicting sworn accounts from a defendant and his trial attorney, a district court is required to hold an evidentiary hearing if the defendant's version of the facts would entitle him to relief. *United States v. Reyes-Bosque*, 624 F. App'x 529, 530 (9th Cir. 2015) (finding that district court erred in holding that the defendant's claim was self-serving because Section 2255(b) imposes no requirement of independent corroboration, and a declaration is not inherently unbelievable merely because it is self-serving). "Therefore, 'a hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims,' and failure to grant one in such a circumstance is an abuse of discretion." *Id.* (quoting *Baumann v. United States,* 692 F.2d 565, 571 (9th Cir. 1982)).

## DISCUSSION

In her § 2255 petition, Defendant alleges that her trial counsel was ineffective in eight grounds for relief. Def. Pet., ECF 224. The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence," U.S. Const. amend. VI. "[T]he right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled.'" *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (internal citation omitted). Therefore, the right to counsel guaranteed in the Sixth Amendment is the right to *effective* assistance of counsel. *Id*. at 686. The right to effective counsel under the Sixth Amendment applies to all "critical stage[s] of the prosecution." *Kirby v. Illinois*, 406 U.S. 682, 690 (1972).

The defendant must prove two elements under *Strickland* to succeed on a claim for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Strickland*, 466 U.S. at 687.

The Court must analyze counsel's performance considering the circumstances at the time: "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 659. Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id*. at 689 ("There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.").

The appropriate test for prejudice is whether petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Defendant contends that her attorney was ineffective in: (1) insisting that she proceed with a jury trial; (2) failing to move to change venue outside of the local area; (3) failing to use certain witnesses, including a witness for the IRS and a private children's services agency; (4) engaging in jury tampering; (5) failing to investigate certain witnesses and evidence; and (6)

5 – OPINION & ORDER

failing to preserve issues and argument for appeal. After reviewing the motions and the record, the Court finds that Defendant is not entitled to relief on any of the alleged grounds.

## I.     Ground 1: Jury Versus Bench Trial

Defendant asserts that her attorney was ineffective because he "insist[ed] the [defendant] have a jury trial" and "steered [her] away from having" a bench trial. Def. Pet. 6. She contends that counsel did so because "the judge was conservative and had been appointed by a republican conservative president" and therefore had a "history of not being fair and would not be fair in [her] case." *Id.*

Defendant's claim fails. Essentially, Defendant argues that counsel was ineffective for advising her to exercise her Sixth Amendment right to a jury trial. There is some dispute as to what counsel told Defendant. *Compare* Def. Pet. 6 (stating that counsel insisted that she have a jury trial) *with* Gov. § 2255 Ex. A ("Boise Decl.") ¶ 5 (stating that he advises all clients that it is their choice whether to choose a jury or a judge to be the factfinder and noting that he tells them that juries take their jobs seriously and are more open to acquitting defendants), ECF 231. But even if defense counsel "steered her away" from having a bench trial—as Defendant alleges—Defendant cannot succeed on this claim. *See Margaryan v. United States*, No. SACR 09-0248-10-DOC, 2019 WL 978098, at *5 (C.D. Cal. Jan. 7, 2019) (denying the petitioner's claim for ineffective assistance of counsel on the basis that he had a jury trial rather than a bench trial). There is no right to a bench trial, and "compel[ling] a defendant in a criminal case to undergo a jury trial against his will" does not violate his right to a fair trial or to due process. *See Singer v. United States*, 380 U.S. 24, 34 (1965). Counsel's performance was, therefore, not deficient. *See Roe v. Coursey*, 469 F. App'x 622, 623–24 (9th Cir. 2012) (finding the petitioner's claim for

6 – OPINION & ORDER

ineffective assistance of counsel failed where the petitioner alleged that he was entitled to request a bench trial or be advised of his state conditional right to waive his right to trial by jury).

And Defendant has not demonstrated she was prejudiced by counsel's advice to exercise her right to a jury trial. Indeed, the evidence against Defendant was overwhelming in this case, and the Court denied her motion for judgment of acquittal. *See, e.g., Osborn v. Belleque*, 385 F. App'x 701, 703 (9th Cir. 2010) (petitioner whose counsel allegedly failed to advise him adequately concerning a jury waiver could not show prejudice because, in light of the overwhelming evidence at trial, a jury was no more likely to acquit than the trial judge). Accordingly, Defendant's First Ground for Relief fails.

## II.     Grounds 2 & 3: Trial Venue

In her second and third grounds for relief, Defendant contends that counsel was ineffective for not seeking a change of venue. Def. Pet. 5. According to Defendant, counsel told her that asking to change venue would make the Court angry. *Id.* Defendant alleges that her rights were violated because the case was highly publicized and the jury was therefore biased. *Id.* at 5, 7. In his declaration, counsel responds that he "chose not to file a Motion for Change of Venue because [he] did not believe, based on the state of the law, that [they] had a chance of succeeding." Boise Decl. ¶ 6. He also believed that they chose an impartial jury, striking "many jurors who would be biased against" Defendant. *Id.* ¶ 7.

"[T]he right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors," and "[t]he failure to accord an accused a fair hearing violates even the minimal standards of due process." *Irvin v Dowd*, 366 U.S. 717, 722 (1961). Thus, "[d]ue process requires that the trial court grant a defendant's motion for a change of venue when

the trial court is unable to seat an impartial jury because of prejudicial pretrial publicity or an inflamed community atmosphere." *Turner v. Calderon*, 281 F.3d 851, 865 (9th Cir. 2002).

Here, Defendant has failed to show that counsel was ineffective in not filing a motion for change of venue. She has not shown that such a motion would have been meritorious or that she was prejudiced by counsel's failure to file such a motion. In other words, there is no evidence that such a motion would have been granted or that the jury was biased because of prejudicial pretrial publicity or an inflamed community atmosphere. Defendant alleges that her case was highly publicized, but she did provide any evidence to support this allegation. *Compare id.* at 865 (finding the petitioner "has not established . . . that there was some cause for requesting a change of venue (*i.e.* pre-trial publicity)") *with Daniels v. Woodford*, 428 F.3d 1181, 1211 (9th Cir. 2015) (finding "the venue was saturated with prejudicial and inflammatory media publicity" where the crimes generated extensive and continuous publicity and details of the suspect were revealed by articles and news accounts from the beginning). Further, there is no evidence elsewhere in the record that any jurors were partial or prejudiced. *See United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (denying a claim for ineffective assistance of counsel where the defendant "produced no evidence or argument suggesting that his counsel's failure to defeat venue . . . had any bearing on the fairness of his trial or was otherwise prejudicial or outcome determinative"); *Daniels*, 428 F.3d at 1211 (9th Cir. 2015) (emphasizing that the record contained no findings that any partial or prejudiced jurors could not be excluded). Prior to trial, counsel proposed voir dire questions to determine whether potential jurors were familiar with Defendant and GUTD or had heard anything about this case in pretrial publicity. Def. Prop. Voir Dire, ECF 85. And during voir dire, potential jurors were asked about whether they had heard

anything about this case. Trial Tr., ECF 182. Thus, counsel's decision to forgo filing a motion for change of venue was not unreasonable.

### III.     Grounds 3 & 4: Failure to Use Certain Witnesses

In Ground Three, Defendant asserts that counsel failed to utilize and cross-examine all witnesses. Def. Pet. 7. In Ground Four, Defendant more specifically argues that counsel failed to use IRS witnesses. *Id.* at 9. According to Defendant, these witnesses would have shown that GUTD had for-profit status and had worked with the IRS to figure out tax issues. *Id.* She also alleges that counsel "did not investigate private children's services agency and allow them to testify although they had [crucial] information regarding children's agencies for the state." *Id.* Counsel, by comparison, states that his "investigators interviewed every potential witness, or the witness declined [their] request for an interview, who [Defendant] told [them] about or who [they] could determine may have relevant information from the discovery." Boise Decl. ¶ 8.

Even if failing to call or cross-examine these witnesses constituted ineffective assistance of counsel, *see Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980) ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation."), Defendant fails to show prejudice. In Ground Three, Defendant fails to explain which witnesses were not called or adequately cross-examined and what they would have testified to. In Ground Four, Defendant alludes to witnesses from the IRS and "children's agencies" and the general content of their testimony, but she has failed to provide any evidence to support her allegations. *See Dows v. Wood,* 211 F.3d 480, 486–87 (9th Cir. 2000) (rejecting a claim for ineffective assistance where the petitioner provided "no evidence that [the] witness would have provided helpful testimony for the defense-i.e., [the petitioner] has not presented an affidavit from this alleged witness"). Further, in light of the overwhelming evidence supporting Defendant's

conviction, the Court fails to see how testimony as to GUTD's interactions with the IRS and "crucial information" from private children's agencies would have changed the outcome in this case. *See Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001) (finding that mere speculation that a witness might have given helpful information if interviewed does not establish ineffective assistance). Accordingly, Grounds Three and Four fail.

## IV.     Ground 5: Jury Tampering

Defendant argues that counsel tampered with the jury by "introduc[ing] documents and evidence to the jury he had failed to give them during the trial." Def. Pet. 11. Defendant also emphasizes that counsel later discussed Defendant's conviction with one of the jurors, which he failed to disclose to Defendant "for days." *Id.* According to Defendant, counsel said that the introduction of evidence to the jury without explanation "could be of consequence" but did not suggest a remedy for Defendant. *Id.* Defense counsel admits that some exhibits that were never admitted but prepared for trial had been given to the jury during deliberations. Boise Decl. ¶ 9. But he emphasizes that these were defense exhibits that "were not prejudicial to defendant in any way and would have had no effect on the outcome of the trial." *Id.* He also acknowledges that his investigator spoke to one of the jurors who had a question about the verdict. *Id.* According to the investigator, the juror expressed compassion for Defendant but "it was clear in her mind that [Defendant] had broken some laws." Gov. § 2255 Ex. A-2. The juror also stated that she never felt pressured by other members of the jury and that Defendant's race was never discussed. *Id.* Therefore, counsel "believed there was no basis to attack the verdict." Boise Decl. ¶ 9.

The Court declines to grant Defendant relief on this ground. As counsel admits, there were defense exhibits given to the jury during deliberations that had not been admitted at trial. But the Court fails to see how the erroneous submission of defense exhibits under these

circumstances was prejudicial to Defendant. And there is no evidence that counsel's discussion with a juror—and subsequent failure to disclose this conversation to Defendant—is of any consequence in this case. The juror did not suggest any underlying problem with the verdict or, as is relevant to this claim, the exhibits that were accidentally submitted to the jury. In the absence of any showing of prejudice, Defendant's claim that counsel "tampered" with the jury fails. *Strickland,* 466 U.S. at 694 (holding the appropriate test for prejudice is whether petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

## V.    Grounds 6 & 8: Failure to Investigate

Defendant argues in Ground Six that counsel was ineffective for "failing to interview witnesses that had primary information regarding petitioner's work history and pay." Def. Pet. 11. She states that these witnesses would have been able to testify that she worked from 1998 through the late 2000's, restarted her business, and used her own savings and money. *Id.* Similarly, in Ground Eight, Defendant contends that counsel failed to investigate—or have his financial expert review—contracts that were entered by Defendant in from 1998 until she "stopped business with the state or federal government." *Id.* at 13. Counsel, however, states that "all witnesses . . . were either interviewed or attempted to be interviewed" and "[a]ll financial issues of the case were thoroughly examined and investigated." Boise Decl. ¶¶ 10, 12.

Defendant's claim fails. As a preliminary matter, Defendant's contentions that the investigation and the work of the financial expert in this case were inadequate contradict her own contemporaneous statements to counsel at the end of her trial. Defendant praised her trial team and the financial expert, calling them the "Dream Team" for doing what they did with what they had and telling counsel that she thought their financial expert "hit the grand slam." Gov. § 2255

11 – OPINION & ORDER

Ex. A-1. Moreover, Defendant has not supplied the Court with any evidence to support her allegations. The witnesses have not been identified, and their testimony has not been described in an affidavit. Nor has Defendant submitted or identified the specific documents that she alludes to in her motion, which appear to predate the period at issue in this case. In other words, she has presented no evidence that further investigation would have likely resulted in her acquittal. *See Villafuerte v. Stewart,* 111 F.3d 616, 632 (9th Cir. 1997) (rejecting ineffective assistance claim where petitioner presented no evidence regarding what further investigation would have revealed or what further preparation would have accomplished). The only support for her claim that counsel failed to investigate Defendant's work history and contracts is Defendant's self-serving statement in her petition. *See Dows*, 211 F.3d at 486 (denying the petitioner's ineffective assistance of counsel claim where "there [was] no evidence in the record that the witnesses actually exist[ed], other than from [the petitioner's] self-serving affidavit"). Accordingly, the Court denies Defendant's motion on Grounds Six and Eight.

## VI.    Ground 7: Failure to Preserve Argument for Appeal

Defendant argues that counsel "failed to preserve any issue or argument for appeal, on the record or in writing." Def. Pet. 12. Defendant argues that counsel and her appellate attorney disclosed that there were areas that were grounds for appeal but that had gone unpreserved. *Id.* Counsel, by contrast, does not recall any issue he failed to preserve for appeal. Boise Decl. ¶ 11.

Defendant's claim fails. Defendant does not identify what issues or argument counsel should have preserved for appeal, and nothing demonstrates that Defendant would have prevailed on appeal but for trial counsel's alleged errors. The Court notes that some issues raised on appeal were not preserved and, thus, reviewed for plain error. USCA Mem. But Defendant has not demonstrated that she could have succeeded on these issues had counsel objected at trial.

In the absence of this information, the Court cannot determine whether counsel was ineffective or whether Defendant was prejudiced on appeal.

## CONCLUSION

Defendant's Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 [224] is DENIED. A certificate of appealability is DENIED because Defendant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED:___September 22, 2023___.

_____
MARCO A. HERNÁNDEZ
United States District Judge

13 – OPINION & ORDER